IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN B. BURNS, | ) | |
| | ) | |
| Petitioner-Applicant | ) | No. _____ |
| | ) | |
| vs. | ) | Death Penalty Case |
| | ) | |
| RICKY BELL, Warden, Riverbend | ) | |
| Maximum Security Institution | ) | |
| | ) | |
| Respondent | ) | |

**INITIAL *PRO SE* UNAMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to all rights available under Article I § 9 and Article III of the United States Constitution; the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 2201, and 28 U.S.C. § 2241 et seq., including 28 U.S.C. §§ 2241 & 2254, Petitioner Kevin B. Burns respectfully files an initial *pro se* unamended petition for writ of habeas corpus including issues as raised in state court proceedings, and requests the appointment of counsel to amend this petition and to prepare a complete petition for writ of habeas corpus including these and all other available claims for relief. This Court should issue a writ of habeas corpus declaring unconstitutional his confinement and sentences.

I.
PROCEDURAL BACKGROUND

1. A Shelby County, Tennessee, jury convicted Kevin Burns of two counts of felony murder and two counts of attempted felony murder. It sentenced him to death on one of the felony murder convictions and life on the other.

2. On direct appeal, the Tennessee Court of Criminal Appeals affirmed Mr. Burns's felony-murder convictions and sentences, but it reversed and dismissed Mr. Burns convictions for

attempted felony-murder. The Tennessee Supreme Court affirmed. State v. Burns, 979 S.W.2d 276 (Tenn. 1998). The United States Supreme Court denied a petition for writ of certiorari. Burns v. Tennessee, 527 U.S. 1039 (1999).

3. Mr. Burns sought post-conviction relief in Tennessee courts. The trial court denied Mr. Burns relief, the Court of Criminal Appeals affirmed the trial court's denial of relief, Burns v. State, 2005 WL 3504990 (Tenn.Crim.App. Dec. 21, 2005), and the Tennessee Supreme Court denied Mr. Burns's application for permission to appeal. See id.

4. Contemporaneous with this petition, Mr. Burns files an application for appointment of counsel to investigate and prepare a complete petition for writ of habeas corpus.

5. Mr. Burns also files this initial *pro se* unamended petition for writ of habeas corpus in conjunction with his request for the appointment of counsel, so that counsel can fully investigate and prepare a complete petition for writ of habeas corpus including any and all claims for relief, including but not limited to the following claims presented here.

## II.
## CLAIMS FOR RELIEF

6. Mr. Burns's raises in this *pro se* unamended Petition, among other claims, the claims contained in (1) Mr. Burns's direct appeal briefs to the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court; (2) Mr. Burns's direct appeal certiorari petition filed in the United States Supreme Court; (3) the direct appeal opinions of the Tennessee Court of Criminal Appeals, see State v. Burns, 1997 WL 418492 (Tenn.Crim.App. 1997), and the Tennessee Supreme Court, see State v. Burns, 979 S.W.2d 276 (Tenn. 1998); (4) Mr. Burns's *pro se* State post-conviction petition and the amended State post-conviction petitions filed by appointed counsel; (5) the post-

conviction opinion of the Tennessee Court of Criminal Appeals, see Burns v. State, 2005 WL 3504900 (Tenn.Crim.App. 2006); and (6) Mr. Burns's application to the Tennessee Supreme Court for permission to appeals the Court of Criminal Appeals's post-conviction decision. Petitioner respectfully incorporates the claims referenced in the above pleadings, briefs, petitions, and/or opinions, into this *pro se* unamended petition, as well as the state court record in support of such claims, including motions, transcripts, briefs, and all arguments presented to the state court, etc. While the records mentioned in this paragraph are not currently before this Court, the State has the duty to file them. See Rule 5 of the Rules Governing Section 2254 Cases. For this Court's reference, Petitioner attaches to this *pro se* unamended petition the relevant State court appellate opinions, which he incorporates by reference as well as all issues raised therein. Claims referenced in this paragraph include, but are not limited to, the following.

7. During closing arguments, the prosecution unconstitutionally (a) made remarks about a statement Petitioner allegedly made during interrogations occurring in Chicago, Illinois; (b) stated that the attempted felony-murder convictions established the great risk of death to two or more persons aggravating circumstance, see T.C.A. § 39-13-204(i)(3); and (c) engaged in arguments designed to arouse and inflame the jury's passions.

8. The trial court unconstitutionally allowed into evidence victim impact evidence at the penalty phase.

9. The Tennessee appellate review process in death penalty cases is constitutionally inadequate.

10. Mr. Burns's death sentence is unconstitutionally disproportionate, and the Tennessee appellate review process unconstitutionally takes into consideration intuitive feelings appellate

judges have about the defendant's race.

11. The evidence is insufficient to establish Petitioner's guilt.

12. The trial court unconstitutionally allowed into evidence Petitioner's statement.

13. The trial court unconstitutionally gave the jury a flight instruction.

14. The trial court unconstitutionally failed to declare a mistrial due to the emotional outburst of the victims' family in the jury's presence.

15. The trial court unconstitutionally allowed into evidence inflammatory and irrelevant evidence.

16. The trial court unconstitutionally refused to respond to questions the jury posed during its deliberations.

17. Mr. Burns's participation in the incident that resulted in the homicides was insufficient for felony-murder convictions and or death sentence and/or a sentence of life imprisonment.

18. Tennessee's death penalty statutes are unconstitutional, and the death penalty as imposed and as applied, is unconstitutional.

19. The trial court unconstitutionally instructed the jury that a life sentence required a unanimous verdict.

20. The prosecution unconstitutionally withheld material, exculpatory, evidence.

21. Trial counsel rendered constitutionally ineffective assistance pre-trial, at trial, and on appeal. Counsels' ineffective assistance includes, but is not limited to, the following:

    a. Counsel failed to establish a working relationship with Mr. Burns, and failed to investigate the facts and circumstances surrounding his case. Had counsel provided effective

representation, they would have uncovered and presented guilt defenses and mitigating evidence, including compelling evidence that Mr. Burns's involvement in the offense was far less than the State asserted, that Mr. Burns was raised in a physically and emotionally abusive environment, and that at the time of the offense, Mr. Burns suffered mental deficiencies and mental illness;

      b.      Counsel failed to file appropriate pre-trial motions;

      c.      Counsel failed to competently select the jury that would consider Mr. Burns's guilt and sentence;

      d.      Counsel failed to adequately cross-examine the State's witnesses and failed to present any witnesses on Mr. Burns's behalf;

      e.      Counsel requested that the charge to the jury at the close of the guilt phase of trial include the range of punishment and parole eligibility for lesser included offenses;

      f.      Counsel failed to object to victim impact testimony elicited from victim Tracey Johnson's mother;

      g.      Counsel failed to object to, or seek curative instructions for, improper comments the prosecution made at the close of the guilt and penalty phases;

      h.      Counsel failed to object to the charge given the jury and failed to submit to the trial court appropriate instructions for the jury;

      i.      Counsel failed to object to the trial court's failure to explain to the jurors that they were not to consider parole eligibility and that a life sentence meant just that - natural life in the penitentiary;

      j.      Counsel failed to investigate and present issues relating to the jury's use of a Bible and group prayer during deliberations;

k.  Counsel failed to raise on appeal meritorious issues that would have resulted in the reversal of Mr. Burns's conviction and/or the vacating of the sentences imposed.

22. The State unconstitutionally presented alternative theories in three separate trials held on the facts of the homicides for which Petitioner was convicted of first-degree murder and sentenced to death and life imprisonment.

23. The State unconstitutionally failed to maintain the integrity of the evidence, including audio tapes of witness statements and weapons that were at the crime scene.

24. The State unconstitutionally failed to pursue charges against others involved in the homicides for which Petitioner was convicted of first-degree murder and sentenced to death and life imprisonment.

25. The jury unconstitutionally consulted a Bible during deliberations during the guilt and penalty phases of Petitioner's trial, the jury foreperson unconstitutionally quoted the Bible to sway a holdout juror, and the jury unconstitutionally engaged in group prayer during deliberations.

26. Petitioner's convictions of two counts of attempted felony-murder are void.

27. The indictment against Petitioner unconstitutionally failed to allege aggravating factors that the State intended to rely upon at the penalty phase of Petitioner's trial.

28. Imposing the death penalty on Petitioner violates his fundamental right to life.

29. Subjecting Petitioner to lethal injection would violate the Constitution.

30. Petitioner's convictions and death sentence violate International Law.

## III.
## CONCLUSION

WHEREFORE, this Court should appoint counsel to Kevin Burns to investigate and to prepare a complete petition for writ of habeas corpus including all available claims for relief and grant discovery on his claims of constitutional error and an evidentiary hearing at which Petitioner can establish his entitlement to relief and any other relief as is just and proper under the circumstances. This Court should grant Kevin Burns habeas corpus relief.

Respectfully Submitted,

*/s/ Kevin Burns*
Kevin Burns #254315
Riverbend Maximum Security Institution
7475 Cockrill Bend Industrial Blvd.
Nashville, Tennessee 37209

### CERTIFICATE OF SERVICE

I certify a copy of the foregoing has been sent via first-class mail to the Office of the Attorney General, 425 5th Avenue North, Nashville, Tennessee 37243.

Date: 5/23/06

*/s/ Kevin B. Burns*
Kevin Burns